# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| SOUTHWIRE COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 6:19-cv-00541 |
| | ) |
| v. | ) |
| | ) |
| GO INDUSTRIES, INC. d/b/a | ) **Jury Trial Demanded** |
| LONGHORN REELS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

This is a complaint for patent infringement. Southwire Company, LLC ("Southwire") brings this action against Defendant Go Industries, Inc. d/b/a/ Longhorn Reels ("Longhorn Reels") and states as follows.

## PARTIES

1.      Southwire is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at One Southwire Drive, Carrollton, GA, 30119. Among other things, Southwire is engaged in the development, manufacture, and sale of rotatable cable reels.

2.      Defendant Go Industries, Inc. d/b/a/ Longhorn Reels is a Texas corporation with a place of business at 420 North Grove Road, Richardson, Texas, 75081 and another place of business in Clifton, Texas.

3.     Longhorn Reels is in the business of manufacturing, selling, marketing, and/or distributing rotatable cable reels, including Longhorn's Easy Reel products, including Longhorn's Easy All in One Reel ("All in One Mover") and Easy Reel Mover ("Easy Reel Mover").

4.     Longhorn distributes and sells these products throughout the United States, including in Texas and in this District.

## JURISDICTION AND VENUE

5.     The allegations contained in paragraphs 1 through 4 above are incorporated by reference as if fully set forth herein.

6.     This action arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under 35 U.S.C. § 271. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Longhorn because, *inter alia*, Longhorn is incorporated in, and is a resident of, Texas and maintains offices and transacts business within Texas and in this District. Longhorn is registered to conduct business in Texas, maintains a registered office in Richardson, Texas, and has an established place of business in Clifton, Texas.

8.     In addition to residing in Texas and in this District, this Court also has personal jurisdiction over Longhorn because, *inter alia*, Longhorn has purposefully availed itself of the rights and benefits of Texas law by engaging in systematic and continuous contacts with the state of Texas, including this District. On information and belief, Longhorn regularly and continuously transacts business within Texas and within

this District, including by selling products, including infringing rotatable cable reels, such as Longhorn's Easy Reel Mover and All in One Mover, directly and/or through affiliates, and/or by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Texas and this District. On information and belief, Longhorn derives substantial revenue from the sale of those products in Texas and in this District, and has thereby availed itself of the privilege of conducting business within Texas and this District.

9.      This Court is the proper venue for this dispute pursuant to 28 U.S.C. §§ 1391 and 1400(b). Longhorn resides in this judicial district for purposes of venue because it is incorporated in and is a resident of Texas. Longhorn also has a regular and established place of business in Bosque County, Texas within this judicial district. Longhorn regularly and continuously transacts business within this judicial district, including by making and selling infringing products, including Longhorn's Easy Reel Mover and All in One Mover, directly and/or through affiliates, in Bosque County, Texas.

## FACTUAL ALLEGATIONS

### Background

10.     Southwire is an international leader in manufacturing wire, cable, tools, components, and assembled solutions. In the United States, Southwire is one of the largest producers of wire and cable used to transmit and distribute electricity.

11.     Southwire, through considerable investment in research and development and the skill of its researchers and engineers, has been an innovator in cable technology and related accessories.

3

12.   Among many other products, Southwire designs, develops, manufactures, and sells innovative rotatable cable reels, including the SIM*pull*® Reel, in the United States. The SIM*pull*® Reel allows a single person to safely move reels of cable or wire, weighing up to 6,000 pounds, without the use of other moving equipment.

13.   Southwire has protected its investments and innovations by pursuing intellectual property protection, including United States Patent Nos. 9,403,659 ("the 659 Patent") and 10,266,366 ("the 366 Patent").

**United States Patent No. 9,403,659**

14.   The 659 Patent duly and legally issued from U.S. Patent Application 14/198,348 on August 2, 2016. The 659 Patent is titled "Rotatable Cable Reel" and names Juan Alberto Galindo Gonzalez, James Phillip Tuggle, and Franklin Clarence Calhoun as inventors. A true and correct copy of the 659 Patent is attached hereto as Exhibit A.

15.   The claims of the 659 Patent are valid and enforceable.  All rights in, to, and under the 659 Patent have been assigned to Southwire, and Southwire has the exclusive right to enforce the 659 Patent.

16.   All or substantially all patented articles sold by or under Southwire have been marked with the patent number of the 659 Patent according to the requirements of 35 U.S.C. § 287.

17.   Southwire's efforts to ensure marking by any licensees selling patented articles that practice the 659 Patent have at all times been reasonable.

## United States Patent No. 10,266,366

18.   The 366 Patent duly and legally issued from U.S. Patent Application 15/225,357 on April 23, 2019. The 366 Patent is titled "Rotatable Cable Reel" and names Juan Alberto Galindo Gonzalez, James Phillip Tuggle, and Franklin Clarence Calhoun as inventors. A true and correct copy of the 366 Patent is attached hereto as Exhibit B.

19.   The claims of the 366 Patent are valid and enforceable.  All rights in, to, and under the 366 Patent have been assigned to Southwire, and Southwire has the exclusive right to enforce the 366 Patent.

## Longhorn's Infringing Products

20.   Longhorn is a manufacturer of wire and cable equipment. Longhorn competes directly with Southwire in the market for rotatable cable reels with its Easy Reel products.

21.   At least as early as April of 2019, Longhorn was making, using, offering for sale, and selling its All in One Mover and Easy Reel Mover products, which utilize Southwire's patented technology.

22.   These activities were performed without authorization or license to use Southwire's patented inventions.

23.   Longhorn's All in One Mover product is shown in Longhorn's All in One product flyer, attached as Exhibit C.

24.   Longhorn's Easy Reel Mover product is shown in Longhorn's Easy Reel product flyer, attached as Exhibit D.

25.   Longhorn's All in One Mover products embody each and every element of one or more claims of the 659 Patent, including but not limited to claims 9-11, 15, and 19. An exemplary claim chart showing Longhorn's infringement of claims 9-11, 15, and 19 of the 659 Patent is attached hereto as Exhibit E.

26.   Longhorn's All in One Mover products embody each and every element of one or more claims of the 366 Patent, including but not limited to claims 1–3, 5, and 10. An exemplary claim chart showing Longhorn's infringement of claims 1–3, 5, and 10 of the 366 Patent is attached hereto as Exhibit F.

27.   Longhorn's Easy Reel Mover products embody each and every element of one or more claims of the 366 Patent, including at least claim 17. An exemplary claim chart showing Longhorn's infringement of claim 17 of the 366 Patent is attached hereto as Exhibit G.

28.   Longhorn has had actual notice of the 659 Patent and the 366 Patent, and its infringement of the same, since at least as early as May 17, 2019, when Southwire sent a cease and desist letter to Longhorn (Exhibit H).

29.   Longhorn has further had constructive notice of the 659 Patent as early as August 2, 2016, pursuant to the marking of patented articles sold by or under Southwire under 35 U.S.C. § 287.

## COUNT I: INFRINGEMENT OF THE 659 PATENT

30.   Southwire reasserts and realleges the allegations contained in the foregoing paragraphs 1 through 29 as if each such allegation was set forth herein in its entirety.

31.   As shown in Exhibit E, Longhorn's All in One Mover products embody each and every element of at least claims 9–11, 15, and 19 of the 659 Patent.

32.   Longhorn has made, used, offered for sale, and sold its All in One Mover products in the United States, including in Texas and within this District.

33.   Longhorn has infringed and continues to infringe at least claims 9–11, 15, and 19 of the 659 Patent. Longhorn's infringing acts have not been authorized by Southwire.

34.   Southwire has suffered damages as a direct and proximate result of Longhorn's infringement. Southwire is entitled to an award of monetary damages.

35.   Even after Southwire sent a cease and desist letter to Longhorn in May 2019, notifying Longhorn of its infringing products, Longhorn continued to willfully and deliberately infringe the 659 Patent with reckless disregard for whether its conduct constituted infringement of a valid patent. An enhancement of damages, up to and including treble damages, is warranted for Longhorn's willful infringement.

36.   Southwire will suffer and is suffering irreparable harm from Longhorn's infringement. Southwire lacks an adequate remedy at law and is entitled to an injunction against Longhorn's continuing infringement of the 659 Patent. Unless enjoined, Longhorn will continue its infringing conduct.

37.   This case is exceptional and Southwire is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## <u>COUNT II: INFRINGEMENT OF THE 366 PATENT</u>

38.   Southwire reasserts and realleges the allegations contained in the foregoing paragraphs 1 through 37 as if each such allegation was set forth herein in its entirety.

39.   As shown in Exhibit F, Longhorn's All in One Mover products embody each and every element of at least claims 1–3, 5, and 10 of the 366 Patent.

40.   As shown in Exhibit G, Longhorn's Easy Reel Mover products embody each and every element of at least claim 17 of the 366 Patent.

41.   Longhorn has made, used, offered for sale, and sold its All in One Mover and Easy Reel Mover products in the United States, including in Texas and within this District.

42.   Longhorn has infringed and continues to infringe at least claims 1–3, 5, 10, and 17 of the 366 Patent. Longhorn's infringing acts have not been authorized by Southwire.

43.   Southwire has suffered damages as a direct and proximate result of Longhorn's infringement. Southwire is entitled to an award of monetary damages.

44.   Even after Southwire sent a cease and desist letter to Longhorn in May 2019, which notified Longhorn of its infringing products, Longhorn continued to willfully and deliberately infringe the 366 Patent with reckless disregard for whether its conduct constituted infringement of a valid patent. An enhancement of damages, up to and including treble damages, is warranted for Longhorn's willful infringement.

45.   Southwire will suffer and is suffering irreparable harm from Longhorn's infringement. Southwire lacks an adequate remedy at law and is entitled to an injunction

against Longhorn's continuing infringement of the 366 Patent. Unless enjoined, Longhorn will continue its infringing conduct.

46.   This case is exceptional and Southwire is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Southwire prays that the Court:

(a)   Issue a judgment that Longhorn has infringed one or more claims of the 659 and the 366 Patent;

(b)   Issue an injunction preliminarily and permanently enjoining Longhorn, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the 659 and the 366 Patent;

(c)   Order an accounting with respect to the sales by Longhorn of its infringing products;

(d)   Award damages adequate to compensate Southwire for Longhorn's infringement, and no less than a reasonable royalty, with the maximum pre-judgment and post-judgment interest and costs, as provided by 35 U.S.C. § 284;

(e)   Award damages adequate to compensate Southwire for its lost profits caused by Longhorn's infringement;

(f)     Rule that Longhorn's Infringement of the 659 Patent has been and continues

       to be willful, and award treble damages, as provided by 35 U.S.C. § 284;

(g)     Rule that Longhorn's Infringement of the 366 Patent has been and continues

       to be willful, and award treble damages, as provided by 35 U.S.C. § 284;

(h)     Declare this case exceptional, in accordance with 35 U.S.C. § 285;

(i)     Award Southwire its attorneys' fees, costs, and expenses; and

(j)     Grant Southwire any further relief that may be necessary to achieve justice.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Southwire requests a trial by jury of all issues so triable.


Dated: September 13, 2019                          */s/ Brady Cox*

                                            Brady Cox (TX 24074084)
                                            **ALSTON & BIRD LLP**
                                            2200 Ross Avenue, Suite 2300
                                            Dallas, Texas 75201
                                            Phone:  214-922-3443
                                            Fax:      214-922-3843
                                            Email:  brady.cox@alston.com

                                            *Counsel for Plaintiff*
                                            *Southwire Company, LLC*